IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mountain Top Beverage Group, Inc. | : | |
| | : | Case No. C-1-01-832 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING MOTION TO |
| Wildlife Brewing N.B., Inc. *et al.* | : | CERTIFY NOVEMBER 21, 2003 |
| | : | ORDER AS A FINAL APPEALABLE |
| | : | ORDER |
| Defendants | : | |

This matter come before the Court on Plaintiff Mountain Top Beverage Group, Inc. ("Mountain Top")'s Motion to Certify the Court's November 21, 2003 order as a final order pursuant to Federal Rule of Civil Procedure 54(b).[1] (Doc. #47.) The Court's November 21, 2003 order (doc. #42) cancelled Mountain Top's trademark, granted summary judgment to Wildlife Brewing N.B., Inc. ("Wildlife") and Pittsburgh Brewing Co. ("PBC") on Mountain Top's claims of

---

[1] Federal Rule of Civil Procedure 54(b) provides:
**Judgment Upon Multiple Claims or Involving Multiple Parties**. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

trademark infringement and related state law causes of action and denied summary judgment to Wildlife on its counterclaims of trademark infringement against Mountain Top.

In <u>General Acquisition, Inc. v. GenCorp., Inc.</u>, 23 F.3d 1022, 1030 (6th Cir. 1994), the Sixth Circuit set forth the factors that a district court should consider in ruling on a 54(b) motion: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

Mountain Top's adjudicated claims and Wildlife's unadjudicated claims revolve around the same aggregate of operative facts. Mountain Top's "use" of the trademark in question will be a factor in both the adjudicated claims and the unadjudicated claims; thus the reviewing court might be obliged to consider the same issue a second time. The Court therefore finds that certification of its November 21, 2003 order under Federal Rule of Civil Procedure 54(b) is inappropriate, and Mountain Top's motion must be **DENIED**.

IT IS SO ORDERED.

       ___s/Susan J. Dlott_____
       Susan J. Dlott
       United States District Judge