IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MOUNTAIN TOP BEVERAGE GROUP, INC., | : | |
| | : | CASE NO. C-1-01-832 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | |
| WILDLIFE BREWING, N.B., INC., et al., | : | |
| Defendants, | : | |
| v. | : | |
| B.L.S. OF SARASOTA, INC., et al., | : | |
| Third-Party Defendants. | | |

_____

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT WILDLIFE BREWING, N.B., INC.**
_____

NOW COMES the Plaintiff, Mountain Top Beverage Group, Inc. and Third-Party Defendants, B.L.S. of Sarasota, Inc. and Brady Skinner (collectively referred to as "Mountain Top"), by and through counsel, to move this Court to grant summary judgment against Defendants Wildlife Brewing, N.B., Inc. and James Sorenson (collectively referred to as "Wildlife") on its counterclaims and third-party claims against Mountain Top pursuant to Rule 56 of the Federal Rules of Civil Procedure. There are no genuine issues of material fact, and Mountain Top is entitled to judgment as a matter of law.

A memorandum in support of this Motion is attached hereto and incorporated herein.

Respectfully submitted,

CHERNESKY, HEYMAN & KRESS P.L.L.

/s/ Thomas P. Whelley II
_____
Thomas P. Whelley II (0010493)
Rachael L. Rodman (0073872)
10 Courthouse Plaza SW, Suite 1100
Dayton, Ohio 45402
(937)449-2800
*Attorneys for Plaintiff and Third-Party Defendants*

**MEMORANDUM IN SUPPORT**

I.   **INTRODUCTION**

Wildlife has asserted counterclaims and third-party claims as follows: a federal claim for false designation of origin and state and common law claims of trademark infringement, unfair competition, dilution of mark, tarnishment and injury to business reputation, unfair business practices, deceptive trade practices, and tortious interference with a contract and business relationship. Because it cannot prove both its ownership of the "Wildcat" mark (which requires that Mountain Top failed to use the mark in commerce) and that Mountain Top used its mark, Wildlife's claims for false designation of origin, trademark infringement, deceptive trade practices, unfair competition, dilution of mark, tarnishment and injury to business reputation must fail. Its claims for tortious interference with a contract and business relationship and unfair business practices must fail because Wildlife has put forth no evidence to support the essential elements of these claims. Accordingly, summary judgment is appropriate on all of Wildlife's counterclaims and third-party claims against Wildlife.

II.  **FACTS**

This case involves the ownership of the "Wildcat" trademark in connection with malt liquor. Beginning in 1993, Mountain Top sought registration of the "Wildcat" trademark with the United States Patent and Trademark Office ("USPTO"), and the mark was registered on November 13, 2001. Mountain Top then filed a complaint against Wildlife and Pittsburgh Brewing Co. ("PBC") alleging claims of trademark infringement and false designation of origin under federal law and claims of deceptive trade practices, tortious interference with economic relations, and unfair competition under state law. Wildlife filed counterclaims and third-party claims against Mountain Top for false designation of origin under federal law and trademark infringement, unfair

competition, dilution of mark, tarnishment and injury to business reputation, unfair business practices, deceptive trade practices, and tortious interference with a contract and business relationship under state and common law.

Both Wildlife and PBC filed motions for summary judgment on Mountain Top's claims, contending that Mountain Top's mark was not valid under the Trademark Act of 1946 ("the Lanham Act") because Mountain Top had failed to use the mark in commerce as required by 15 U.S.C. § 1051(d)(1) and as defined by 15 U.S.C. § 1127. The Court concluded as a matter of law that Mountain Top had not used the mark in commerce and therefore did not own a valid "Wildcat" trademark. Accordingly, the Court ordered the cancellation of Mountain Top's "Wildcat" mark, and granted Wildlife and PBC's motions for summary judgment on Mountain Top's claims, all of which depended upon Mountain Top's ownership of a valid trademark.

Wildlife also moved for summary judgment on its counterclaims and third-party claims against Mountain Top. The Court denied Wildlife's motion with respect to Wildlife's federal false designation of origin claim and state and common law claims of trademark infringement, deceptive trade practices, unfair competition, and dilution of mark based upon its finding, as a matter of law, that Mountain Top had not used the mark. The Court further denied Wildlife's motion with respect to its claim of tortious interference with contract and business relationship due to the absence of evidence to support that claim and with respect to its claim of unfair business practices on the basis that a reasonable trier of fact could conclude that Mountain Top had not committed any unfair business practices.

**III.    SUMMARY JUDGMENT STANDARD**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

In responding to a motion for summary judgment, the non-moving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (emphasis in original). It is not sufficient to show simply "metaphysical doubt" as to the material facts of the case. *Id.* at 586, 106 S. Ct. at 1356. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587, 106 S. Ct. at 1356.

### IV.  ARGUMENT

**A.   Wildlife's federal claim for false designation of origin and state and common law claims of trademark infringement, deceptive trade practices, and unfair competition must fail because Wildlife cannot prove both that it (and not Mountain Top) owns the "Wildcat" mark and that Mountain Top used that mark.**

In order to prevail on its federal claim of false designation of origin and state and common law claims of infringement, deceptive trade practices, and unfair competition, Wildlife must establish that it owns the "Wildcat" mark. Assuming *arguendo* for the purposes of this motion that Wildlife owns the "Wildcat" trademark pursuant to the Court's November 21, 2003 Order concluding that Mountain Top's registered trademark was not valid because Mountain Top had not used the mark in commerce, Wildlife must then prove that Mountain Top used the mark in

commerce. See 15 U.S.C. § 1125(a). As noted by the Court in its Order, "it is clear that a plaintiff must show that it has actually used the designation at issue as a trademark, and that the defendant has also used the same or a similar designation, as a trademark." *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). The state and common law claims of infringement, deceptive trade practices, and unfair competition follow the same analysis. *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 288 (6th Cir. 1997); *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 626 n.2 (6th Cir. 2002).

Wildlife cannot prove both (1) that Mountain Top did not use the mark in commerce and therefore does not own the mark and (2) that Mountain Top used the mark in commerce, thereby infringing upon Wildlife's rights. The two findings are mutually exclusive. As stated in its Order, this Court has already "found that neither Mountain Top nor its predecessor used the Wildcat mark as a matter of law."[1] Accordingly, Wildlife cannot establish an essential element of its federal false designation of origin claim and state and common law infringement, deceptive trade practices, and unfair competition claims, and summary judgment in favor of Mountain Top on these claims is appropriate.

> **B.    Wildlife's claim for dilution of mark, tarnishment and injury to business reputation must fail because it cannot prove that its mark is famous and that Mountain Top was a junior user that damaged its interest.**

To prevail upon its common law claim for dilution of mark, Wildlife must prove must "that it has a famous mark and that the junior user's [Mountain Top's] conduct damages [its] interest in the mark 'by blurring its product identification or by damaging positive associations that have attached

---

[1] Mountain Top maintains that it used the "Wildcat" mark in commerce and is therefore the owner of a valid "Wildcat" trademark. If Mountain Top prevails on this argument on appeal, Wildlife still cannot prove an essential element of its claims, as Mountain Top, and not Wildlife, would be the owner of the mark entitled to trademark protection.

to it.'" *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 424 (6th Cir. 1999). As with its claims for false designation of origin and infringement, Wildlife must prove both that it owns the "Wildcat" mark and that Mountain Top used the mark. If, as Mountain Top contends, it used the mark in commerce, then Mountain Top owns the mark, and Wildlife cannot prove that it owns the mark. Assuming arguendo that Mountain Top did not use the mark in commerce, as argued by Wildlife and found by the Court, then Wildlife cannot prove that Mountain Top used its mark. Accordingly, Wildlife cannot prove an essential element of its claim for dilution of mark, and summary judgment should be entered in favor of Mountain Top.

        **C.** **Wildlife's claim for tortious interference with a contract and business relationship must fail because Wildlife has presented no evidence to establish that Mountain Top caused a breach in a contract or business relationship between Wildlife and PBC, thereby causing damage to Wildlife.**

To prevail upon a claim for tortious interference with a contract and business relationship, Wildlife must prove that Mountain Top, "without a privilege to do so, induce[d] or otherwise purposely cause[d] a third person not to enter into or continue a business relationship with another, or not to perform a contract with another." *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 14, 651 N.E.2d 1283, 1294 (1995). As Wildlife's claims relate to the business relationship between it and PBC, Wildlife must prove that Mountain Top intentionally caused PBC to breach its contract or discontinue its business relationship with Wildlife, thereby causing damage to Wildlife. As noted by the Court in its Order, Wildlife has "put forward no evidence to show that Mountain Top intentionally caused a breach in contract or business relationship between Wildlife and PBC nor that Wildlife and Sorenson suffered resulting damages." Accordingly, Wildlife cannot establish the essential elements of this claim, and Mountain Top is entitled to judgment as a matter of law.

**D.   Wildlife's claim for "unfair business practices" under R.C. 1345.01 et seq. must fail because Wildlife is not a consumer.**

There is no "Ohio Unfair Business Practices Act," as Wildlife refers to it. Rather, Wildlife cites to the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq. Wildlife has presented no evidence to support a claim under this statute and, in fact, does not even qualify as a consumer entitled to bring suit as defined in R.C. 1345.01(D).[2] There is absolutely no evidence in the record to support a cause of action under the Consumer Sales Practices Act. Accordingly, summary judgment is appropriate on Wildlife's claim for "unfair business practices" under R.C. 1345.01 et seq., as Wildlife cannot prove the essential elements of a claim under that statute.

**V.   CONCLUSION**

There are no genuine issues of material fact with respect to each of Wildlife's counterclaims and third-party claims against Mountain Top. With respect to each of these claims, Wildlife cannot prove the essential elements of the claim, and Mountain Top is entitled to judgment as a matter of law. Accordingly, Mountain Top requests that summary judgment be granted in its favor on all of Wildlife's counterclaims and third-party claims and that the Court grant such other relief as it deems just and appropriate.

---

[2] A "consumer" is defined as " a person who engages in a consumer transaction with a supplier. R.C. 1345.01(A) defines "consumer transaction" as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."


Respectfully submitted,

CHERNESKY, HEYMAN & KRESS P.L.L.

/s/ Thomas P. Whelley II
_____
Thomas P. Whelley II (0010493)
Rachael L. Rodman (0073872)
10 Courthouse Plaza SW, Suite 1100
Dayton, Ohio 45402
(937)449-2800
*Attorneys for Plaintiff and Third-Party Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon David J. Petitjean, Chappano Wood, P.L.L., 12th Floor, 145 North High Street, Columbus, Ohio 43215-3006 by electronic mail this 10th day of May, 2004.

/s/ Thomas P. Whelley II
_____
Thomas P. Whelley II