IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MOUNTAIN TOP BEVERAGE GROUP, INC., | : | |
| | : | CASE NO. C-1-01-832 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | |
| WILDLIFE BREWING, N.B., INC., et al., | : | |
| Defendants, | : | |
| v. | : | |
| B.L.S. OF SARASOTA, INC., et al., | : | |
| Third-Party Defendants. | : | |

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT WILDLIFE BREWING, N.B., INC.**

Summary judgment should be granted in favor of Plaintiff, Mountain Top Beverage Group, Inc. and Third-Party Defendants, B.L.S. of Sarasota, Inc. and Brady Skinner (collectively referred to as "Mountain Top") on the counterclaims and third-party claims of Defendants Wildlife Brewing, N.B., Inc. and James Sorenson (collectively referred to as "Wildlife"). There are no genuine issues of material fact, and Mountain Top is entitled to judgment as a matter of law.

In its Memorandum in Opposition, Wildlife argues that there are genuine issues of material fact because Mountain Top maintains that it used its registered "Wildcat" trademark in commerce and therefore owns the mark. However, this argument must fail. Essentially, all of Wildlife's claims require that Mountain Top used a mark, owned by Wildlife, in commerce. The

only way the Court could conclude that Wildlife owned the Wildcat mark was if it concluded that Mountain Top had not used the mark in commerce and therefore did not own a valid mark under federal trademark law. The Court has already concluded, in granting Wildlife's Motion for Summary Judgment, that Mountain Top did not use the mark in commerce. Therefore, Wildlife cannot prove that Mountain Top used the mark in commerce, an essential element of its claims.

While Mountain Top maintains that it did use the mark in commerce *prior to its statement of use filing*[1] and intends to appeal the Court's ruling on Wildlife's Motion for Summary Judgment, this does not change the fact that Wildlife cannot prove its counterclaims and third-party claims. There is no set of facts under which Wildlife can prove its claims. If Mountain Top used the mark in commerce, then it, not Wildlife, owns the mark, and Wildlife's claims must fail. If Mountain Top did not use the mark in commerce, then Wildlife owns the mark, but it cannot prove that Mountain Top infringed upon its rights because Mountain Top did not use the mark. *Either way*, Wildlife cannot prove the essential elements of its claims. The Court recognized this in its decision on Wildlife's Motion for Summary Judgment.

Accordingly, Mountain Top requests that the Court grant summary judgment in its favor on Wildlife's counterclaims and third-party claims, as, under any set of facts, Wildlife cannot prove the essential elements of its claims and Mountain Top is entitled to judgment as a matter of law.

---

[1] To be clear, Wildlife misinterprets Mountain Top's arguments. Mountain Top does not now, nor has it ever, alleged that it has used the mark *since* its Statement of Use filing, nor are there any facts to support such a conclusion. In fact, Wildlife has not alleged in its counterclaims and third-party claims that Mountain Top has used the mark since the Statement of Use filing. Rather, Mountain Top maintains that it used the mark prior to its Statement of Use filing and is therefore the proper owner of its registered mark. The parties and the Court are all aware of Mountain Top's intention to appeal the Court's decision on this point. Mountain Top simply wishes to make clear that, even if it were to succeed on appeal and there were a finding that it had used the mark in commerce and therefore owned the mark, Wildlife could still not succeed on its claims. This argument is clear from Mountain Top's Motion for Summary Judgment, and Wildlife cannot be permitted to avoid an appropriate summary judgment decision by misinterpreting Mountain Top's arguments.

Respectfully submitted,

CHERNESKY, HEYMAN & KRESS P.L.L.

/s/ Thomas P. Whelley II
_____
Thomas P. Whelley II (0010493)
Rachael L. Rodman (0073872)
10 Courthouse Plaza SW, Suite 1100
Dayton, Ohio 45402
(937)449-2800
*Attorneys for Plaintiff and Third-Party Defendants*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing has been served upon David J. Petitjean, Chappano Wood, P.L.L., 12th Floor, 145 North High Street, Columbus, Ohio 43215-3006 by electronic mail this 7th day of June, 2004.

                                          /s/ Thomas P. Whelley II
                                          _____
                                          Thomas P. Whelley II