IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mountain Top Beverage Group, Inc. | : | |
| | : | Case No. C-1-01-832 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING PLAINTIFF |
| Wildlife Brewing N.B., Inc. *et al.* | : | AND THIRD-PARTY |
| | : | DEFENDANT'S MOTION FOR |
| Defendants | : | SUMMARY JUDGMENT |

This matter comes before the Court on the motion for summary judgment of Plaintiff Mountain Top Beverage Group, Inc. and Third-Party Defendants B.L.S. of Sarasota ("BLSS"), and Brady Skinner (collectively "Mountain Top"). (Doc. #54.) For the reasons set forth below, Mountain Top's motion is **GRANTED**.

I.   FACTUAL BACKGROUND

The facts of this case have been set forth exhaustively in the Court's November 21, 2003 order (doc. #42) and will not be reviewed here. On November 21, 2003, this Court found that Mountain Top had not used the Wildcat mark in commerce to support its federal registration and ordered the registration cancelled. Defendant Wildlife Brewing N.B., Inc. ("Wildlife") admits that "[t]he evidence presented to date establishes that Mountain has not used the . . . Wildcat mark in commerce through at least November, 2003." (Doc. #55 at 7.) Mountain Top now

moves for summary judgment on Wildlife's federal false designation of origin claim and related state statutory and common law claims of trademark infringement, unfair competition, dilution of mark, tarnishment and injury to business reputation, unfair business practices, deceptive trade practices, and tortious interference with a contract and business relationship on the grounds that it cannot be liable to Wildlife on any of these claims since the Court found, as a matter of law, that Mountain Top never used the disputed mark.

## II.     STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that permissibly can be drawn therefrom, must be read in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  On those issues for which it shoulders the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (emphasis and citation omitted).  For those issues on which the moving party will not have the burden of proof

at trial, the movant must "point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings, but must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The nonmoving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III.  ANALYSIS

Wildlife alleges a federal false designation of origin claim and related state law claims against Mountain Top and Third-Party Defendant BLSS.  "[D]efendants' use of a protected mark or their use of a misleading representation is a prerequisite to the finding of a Lanham Act violation.  Absent such a finding, the eight-factor test . . . is irrelevant."  Holiday Inns, Inc. v. 800 Reservation, Inc., 86 F.3d 619, 626 (6th Cir. 1996).   State statutory and common law claims of infringement, deceptive trade practices, and unfair competition follow the same analysis.[1] This Court has found as a matter of law that neither Mountain Top nor its predecessor BLSS used the Wildcat mark.  Wildlife opposes Mountain Top's motion for summary judgment on Wildlife's claims solely on the ground that Mountain Top still maintains that it used the mark in

---

[1]Claims for trademark infringement and false designation of origin under the Ohio Deceptive Trade Practices Act and Ohio common law are subject to the same standards as their federal counterparts. See Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr., 109 F.3d 275, 288 (6th Cir. 1997). Additionally, "[b]oth Ohio and federal courts have recognized that the same analysis applies to claims under Ohio's statutory and common law of unfair competition and the Lanham Act." Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 626 n.2 (6th Cir. 2002).

commerce.[2]  Any such statement on the part of Mountain Top is mere argument, not evidence, and does not create a genuine issue of material fact.  Since this Court, after exhaustively examining the significant amount of evidence produced in this case, has already determined as a matter of law that Mountain Top never used the Wildcat mark, Mountain Top's motion for summary judgment on Wildlife's federal claim of false designation of origin and state and common law claims of trademark infringement, deceptive trade practices, and unfair competition is **GRANTED**.

Wildlife also alleges dilution of mark, tortious interference with contract and business relationship, and unfair business practices.  To prevail on its dilution of mark claim, Wildlife must prove that its mark is famous, that Mountain Top is a junior user, and that Mountain Top's conduct damages Wildlife's interest in its Wildcat mark by "blurring its product identification or by damaging positive associations that have attached to it."  Jet, Inc. v. Sewage Aeration Sys., 165 F.3d 419, 424 (6th Cir. 1999).  This Court has found as a matter of law that Mountain Top did not use the Wildcat mark.  Mountain Top's motion for summary judgment on Wildlife's dilution of mark claim must therefore be **GRANTED**.

"The torts of interference with business relationships and contract rights generally occur

---

[2]Mountain Top states in its motion for summary judgment "Mountain Top maintains that it used the 'Wildcat' mark in commerce and is therefore the owner of a valid 'Wildcat' trademark.  If Mountain Top prevails on this argument on appeal, Wildlife still cannot prove an essential element of its claims, as Mountain Top, and not Wildlife, would be the owner of the mark entitled to trademark protection."  (See doc. #54 at 6 n.1.)  It is clear the Mountain Top maintains only that it used the mark in commerce prior to filing its Statement of Use with the Patent and Trademark Office and does not argue that it has ever used the mark since that time.  Mountain Top has represented to the Court that it intends to appeal this Court's November 2003 decision; any argument that Mountain Top used its mark in commerce prior to the filing of its Statement of Use merely preserves for appeal Mountain Top's argument that it is the owner of a valid trademark.  (See doc. #56 at 2.)

when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another." A & B-Abell Elevator Co., 651 N.E.2d 1283, 1294 (Ohio 1995). In response to Mountain Top's motion for summary judgment, Wildlife has put forward no evidence to show that Mountain Top intentionally caused a breach in contract or business relationship between Wildlife and any third party or that Wildlife suffered resulting damages. Mountain Top's motion for summary judgment on Wildlife's claim for tortious interference with contract and business relationship is therefore **GRANTED**.

Mountain Top also asks for summary judgment on Wildlife's claim that Mountain Top has violated the Ohio Consumer Sales Practices Act ("CSPA"), found at Ohio Revised Code § 1345.01 et seq.[3] The CSPA applies only to transactions that are "for purposes that are primarily personal, family or household." Ohio Rev. Code § 1345.01(A). Since there is no argument or evidence before the Court that Wildlife is a consumer empowered to bring a claim under the CSPA, Mountain Top's motion for summary judgment on Wildlife's claim for relief under the CSPA must be **GRANTED**.

IV.   **CONCLUSION**

For the foregoing reasons, Mountain Top's motion for summary judgment on Wildlife's federal claim of false designation of origin and state statutory and common law claims of

---

[3]Wildlife argues its claim under the "Ohio Unfair Business Practices Act ('OUBPA'), Ohio Revised Code §§ 1345.01 et seq." (Doc. #55 at 8.) The statute codified at these sections of the Ohio Revised Code, however, is known as the Ohio Consumer Sales Practices Act and the Court will refer to it as such.

trademark infringement, deceptive trade practices, unfair competition, dilution of mark, tortious interference with contract and business relationship, and unfair business practices (doc. #54) is **GRANTED**.

    IT IS SO ORDERED.

                                        ___s/Susan J. Dlott_____
                                        Susan J. Dlott
                                        United States District Judge